\*\*Original filed 10/6/06\*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY RICHARDSON,<br><br>    Petitioner,<br><br> vs.<br><br>ROBERT AYERS, Warden,<br><br>    Respondent. | No. C 06-3151 JF (PR)<br><br>ORDER REQUESTING<br>MOTION TO DISMISS OR<br>NOTICE THAT MOTION IS<br>UNWARRANTED |

Petitioner, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. Petitioner filed an earlier habeas action in this Court, case no. C 98-20852 JF (PR), which was dismissed without prejudice for failure to pay the filing fee. On May 4, 2006, the Court denied Petitioner's motion to re-open his earlier habeas action, and directed the Clerk to transfer the instant petition to a new case. The Court orders Respondent to address the timeliness of the instant petition by filing a motion to dismiss or a notice that such motion is unwarranted.

\\\
\\\
\\\

Order Requesting Motion to Dismiss or Notice That Motion Is Unwarranted
P:\pro-se\sj.jf\hc.06\Richardson151ordmtd

**BACKGROUND**

According to the petition, a San Francisco County jury convicted Petitioner of second-degree robbery (Cal. Pen. Code § 212.(c)). With enhancements for his prior convictions, Petitioner was sentenced to twenty-five years-to-life plus fourteen years and four months in state prison on June 6, 1995. The state appellate court affirmed the conviction in 1996. The state supreme court denied a petition for review in 1996. Petitioner filed two state habeas petitions with the state supreme court which were denied in 2004 and 2006. Petitioner filed the instant federal habeas petition on March 7, 2006 in his earlier habeas action, case no. C 98-20582 JF (PR). The instant petition was transferred to a new case on May 10, 2006.

**DISCUSSION**

A.   Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)). The Court may order the Respondent to file another pleading where neither service nor summary dismissal is appropriate. See Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.

B.   Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a statute of limitation on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners

challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence.  See 28 U.S.C. § 2244(d)(1).  Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit.  See id. § 2244(d)(2).

The one-year period generally will run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  The instant petition was filed on March 7, 2006, almost nine years after the conclusion of Petitioner's direct review.  It is unclear whether Petitioner's state habeas petitions would toll the statute of limitations in this case for a sufficient period of time.  Accordingly, the instant petition appears to be untimely.

This apparent procedural problem should be addressed before the Court reaches the merits of the claims raised in the petition.  If the petition is time-barred, the litigants and Court need not expend resources addressing the numerous claims in the petition.  Accordingly, pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, Respondent shall either (1) move to dismiss the petition on the ground that it is untimely, or (2) inform the court that Respondent is of the opinion that a motion to dismiss is unwarranted in this case.

**CONCLUSION**

1. The Clerk of the Court shall serve by mail a copy of this order, the petition (docket no. 1), and all attachments upon Respondent and Respondent's attorney, the Attorney General for the State of California.  The Clerk shall also serve a copy of this order on Petitioner.

1    2.   Respondent shall file with the Court and serve upon Petitioner, within
2 **forty-five days** of the date this order is filed, a motion to dismiss the petition as untimely,
3 or a notice that Respondent is of the opinion that a motion to dismiss is unwarranted.

4    3.   If Petitioner wishes to oppose the motion to dismiss, he shall do so by filing
5 an opposition with the Court and serving it upon Respondent **within thirty days** of his
6 receipt of the motion to dismiss.

7    4.   Respondent shall file and serve a reply **within fifteen days** of receipt of
8 Petitioner's opposition.

9    5.   The motion shall be deemed submitted as of the date the reply brief is due.
10 No hearing will be held on the motion unless the Court so orders at a later date.  If
11 Respondent notifies the Court that a motion to dismiss is unwarranted or the motion is
12 denied, the Court will then determine whether to require an answer to the petition.

13    6.   It is Petitioner's responsibility to prosecute this case.  Petitioner is reminded
14 that all communications with the Court must be served on Respondent by mailing a true
15 copy of the document to Respondent's counsel.  Petitioner must keep the Court and all
16 parties informed of any change of address by filing a separate paper captioned "Notice of
17 Change of Address."  He must comply with the Court's orders in a timely fashion.
18 Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
19 to Federal Rule of Civil Procedure 41(b).

    IT IS SO ORDERED.

DATED:  10/4/06

            JEREMY FOGEL
            United States District Judge

A copy of this order was mailed to the following:

Jerry Richardson
J-66917
CA State Prison - Pelican Bay
P.O. Box 7000
Crescent City, CA  95531

CA State Attorney General's Office
455 Golden Gate Avenue
Suite 11000
San Francisco, CA  94102-7004