NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JERRY RICHARDSON, | ) | No. C 06-03151 JF (PR) |
| Petitioner, | ) | ORDER DENYING MOTION |
| vs. | ) | FOR RECONSIDERATION |
| ROBERT AYERS, Warden, | ) | |
| Respondent. | ) | (Docket No. 11) |

Petitioner, a state prisoner proceeding pro se, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 19, 2007, the Court granted Respondent's motion to dismiss the petition as untimely pursuant to 28 U.S.C. § 2244(d) and entered judgment. On October 11, 2007, Petitioner filed a motion for reconsideration to which Respondent filed opposition at the Court's request. Petitioner a reply.

Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief. Fed.

1  R. Civ. P. 60(b); <u>School Dist. 1J v. ACandS Inc.</u>, 5 F.3d 1255, 1263 (9th Cir.1993).
2  Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary;
3  mere dissatisfaction with the court's order or belief that the court is wrong in its decision
4  are not adequate grounds for relief. <u>See</u> <u>Twentieth Century - Fox Film Corp. v.</u>
5  <u>Dunnahoo</u>, 637 F.2d 1338, 1341 (9th Cir. 1981). Motions for reconsideration should not
6  be frequently made or freely granted; they are not a substitute for appeal or a means of
7  attacking some perceived error of the court. <u>Id.</u>

8       Petitioner fails to allege the provision of Rule 60(b) under which reconsideration is
9  warranted; he alleges no new evidence that could not have been discovered with due
10 diligence, no mistake, inadvertence, surprise or excusable neglect, no fraud by the adverse
11 party, and no voiding of the judgment. Rather, Petitioner's sole argument is that
12 equitable tolling should apply to save his petition from being untimely. However, this
13 claim is without merit as he fails to show that extraordinary circumstances beyond his
14 control made it impossible to file a timely petition. <u>Calderon v. United States District</u>
15 <u>Court (Beeler)</u>, 128 F.3d 1283, 1288 (9th Cir. 1997). Furthermore, Petitioner had the
16 opportunity to fully argue this claim but failed to do so. Accordingly, the motion for
17 reconsideration is DENIED.

18      This order terminates Docket No. 11.
19      IT IS SO ORDERED.
20 DATED: 5/22/09

                          JEREMY FOGEL
                          United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JERRY RICHARDSON,

        Petitioner,

  v.

ROBERT AYERS, Warden,

        Respondent.

Case Number: CV06-03151 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 5/29/09, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jerry Richardson J 66917
California State Prison - Pelican Bay
P.O. Box 7000
Crescent City, CA 95531

Dated: 5/29/09

                                      Richard W. Wieking, Clerk